IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　　　　　Plaintiff.<br><br>　　　　　v.<br><br>JOHN ARTHUR TAYLOR, JR.,<br><br>　　　　　　　　　　　　Defendant. | Criminal Action Number 3:04CR227 |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Defendant's Motion to Strike as Surplusage the Sentencing Allegations in the Indictment, the Motion to Dismiss the Indictment, or to obtain a Bill of Particulars. For the reasons discussed herein, Defendant's Motion to Strike as Surplusage the Sentencing Allegations is GRANTED. Defendant's Motion to Dismiss the Indictment is DENIED. Defendant's Motion to Obtain a Bill of Particulars is DENIED.

I.

On January 20, 2004, the grand jury returned a four count indictment charging Defendant with: (1) conspiracy to distribute and possess with intent to distribute cocaine base; (2) opening, maintaining, and using a place for the manufacture, distribution, use, and store of controlled substances; (3) possession of a firearm in furtherance of maintaining a drug house; and (4) conspiracy to possess a firearm in furtherance of a drug trafficking crime. Defendant was arraigned on this indictment on February 22, 2005.

II.

Defendant's Motion to Strike as Surplusage the Sentencing Allegations. Pursuant to Federal Rule of Criminal Procedure 7(d), the Defendant requests striking the sentencing allegations in the Indictment in light of <u>United States v. Booker</u>, 125 S.Ct. 738 (2005). By rendering the Guidelines advisory in <u>Booker</u>, the Court made clear that these factors are not considered elements of the offense. Since they are not elements of the offense, there is no longer a purpose served by a separate "sentencing allegation" section of the indictment. <u>United States v. Cormier</u>, 226 F.R.D. 23, 27 (D. Me. 2005). Accordingly, Defendant's Motion to Strike as Surplusage the Sentencing Allegations in the Indictment is hereby GRANTED.

III.

<u>Defendant's Motion to Dismiss the Indictment</u>. Defendant has moved to dismiss all four counts of the Indictment for vagueness and lack of sufficiency. Additionally, Defendant seeks to dismiss Counts Two and Three for failure to state an offense. Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." It requires that all essential elements of the offense be alleged along with sufficient additional facts to allow the indictment to be used as proof to bar a subsequent prosecution for the same offense. <u>United States v. Duncan</u>, 598 F.2d 839, 848 (4th Cir. 1979) (finding that indictment was not too imprecise to inform defendant of electronic eavesdropping charge).

Count One of the Indictment is not impermissibly vague, and complies with the requirements of Fed. R. Crim. P. 7(c)(1). Count One charges Defendant with drug distribution conspiracy. To

prove such a conspiracy, the government must establish that: (1) an agreement to possess cocaine with intent to distribute existed between two or more persons; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily became a part of the conspiracy. United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (en banc). Additionally, the Supreme Court held in Apprendi v. New Jersey, that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000). Accordingly, the drug weight should also be alleged and proved if an enhanced sentence is sought.

Count One charges Defendant with knowingly, intentionally, and unlawfully conspiring and agreeing with others to distribute controlled substances. The language of Rule 7(c)(1) does not require any more than a concise statement of the facts. Pursuant to Apprendi, the drug weights are alleged in Count One of the Indictment, as "50 grams or more of a mixture and substance containing detectable amounts of cocaine base" and "500 kilograms or more of a mixture and substance containing detectable amounts of cocaine hydrochloride." Despite Defendant's contentions, the indictment is not required to assert "specific acts" taken in furtherance of the conspiracy. Rule 7(c)(1) contains no overt act requirement. Additionally, neither the statute, nor its legislative history suggests that an overt act is an element of a Title 21 U.S.C. Section 846 conspiracy. There is no constitutional requirement that an overt act be proved in conspiracy prosecutions when not required by statute. See United States v. Bey 736 F.2d 891, 894 (3d Cir. 1984). Accordingly, it is unnecessary to allege or prove an overt act in a conspiracy charged under 21 U.S.C. § 846. United States v. Clark, 928 F.2d 639, 641 (4th Cir. 1991).

Count Two of the Indictment charges Taylor with maintaining a place for manufacturing, distribution, use and storage of controlled substances, and aiding others in the same conduct, in violation of 21 U.S.C. § 856 and 18 U.S.C. § 2. The count charges Taylor with this activity from August 23, through August 27, 2003. Defendant asserts this count is flawed because it is too vague, and should be dismissed for lack of sufficiency. Defendant argues that 21 U.S.C. § 856 does not criminalize the "use" of a place for the alleged drug activities. This argument fails because as of April 30, 2003, the statute made it unlawful to "knowingly open, lease, rent, use, or maintain" any place for the listed drug trafficking activities. 21 U.S.C. § 856 (a)(1) (2003). The time frame for Defendant's activities according to the Indictment is August 23 through August 27, 2003. Thus, Count Two does not fail for the reason cited by Defendant, since the statute does criminalize "use" of any place for drug trafficking.

Count Three charges Defendant with knowingly possessing a firearm in furtherance of a drug trafficking crime - maintaining a drug house pursuant to 18 U.S.C. § 924 (c). This section states in part: whoever, "during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime" be sentenced to imprisonment. Defendant asserts the Count should be dismissed because it incorporates and depends on Count Two. As stated, Count Two sufficiently charges Defendant with a crime recognized by the statute, and is therefore valid under Fed. R. Crim. P. 7 (c)(1).

Count Four charges Defendant with conspiring to possess multiple firearms in furtherance of a drug conspiracy pursuant to 18 U.S.C. § 924(o). Section 924(o) provides the penalty for

committing an offense under 18 U.S.C. § 924(c). Defendant asserts this Count should be dismissed for lack of sufficiency. An indictment which follows the language of the statute is ordinarily sufficient unless the statute omits an essential element of the offense. <u>Downing v. United States</u>, 348 F.2d 594, 599 (5th Cir. 1965). In accordance with Fed. R. Crim. P. 7(c)(1), Count Four of the Indictment alleges the basic elements of a conspiracy, that Defendant knowingly conspired with others to possess multiple firearms.

The Indictment under which Defendant is charged substantially follows the language of the statutes involved and each count contains the official citation of the statute which the defendant is alleged to have violated. For these reasons it is sufficient under Fed. R. Crim. P. 7(c). <u>Downing v. United States</u>, 348 F.2d 594, 599 (5th Cir. 1965). Defendant's Motion to Dismiss each count of the Indictment is hereby DENIED.

IV.

<u>Defendant's Motion for a Bill of Particulars</u>. In the alternative, Defendant requests the Government file a Bill of Particulars as to the charges in the Indictment.[1] Defendant requests the Court direct the filing of a Bill of Particulars identifying the factual basis for the allegation of when the conspiracies began, overt acts committed in furtherance of the conspiracies, and on grounds of potential multiplicity and double jeopardy.[2]

---

[1] Under Fed. R. Crim. P. 7(f), the Court may "direct the government to file a bill of particulars. A motion for a bill of particulars may be made before arraignment or within ten days after arraignment or at such later time as the court may permit. A bill of particulars may be amended at any time subject to such conditions as justice requires."

[2] Specifically, Defendant claims that due to the lack of specificity, there is no way for the defendant to discern whether the two Counts involve the same or different weapons.

A motion for a bill of particulars is addressed to the sound discretion of the trial court and may not be used for the purpose of obtaining a detailed disclosure of the Government's evidence in advance of trial. Id.  The purpose of the bill is to inform a defendant of the charges so that he may adequately prepare a defense, avoid or minimize surprise at trial, and plead in bar of another prosecution for the same offense. United States v. Automated Medical Laboratories, Inc., 770 F.2d 399, 405 (4th Cir. 1985).  A bill of particulars should be required only where the charges of the indictment are so general they do not advise the defendant of the specific acts of which he is accused. United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990).  When each count of an indictment contains the official citation of the statute under which the defendant is charged . . . the denial of a motion for a bill of particulars is not an abuse of discretion. Downing, 348 F.2d at 599. Acquisition of evidentiary detail, is not the function of the bill of particulars. Hemphill v. United States, 901 F.2d 205, 234 (8th Cir. 1990).  [I]f the defendant has been given adequate notice of the charges against him and can fully prepare for trial with reasonably diligent efforts, the Government cannot be required to disclose additional details about its case. United States v. Henry, 861 F. Supp. 1190, 1197 (S.D.N.Y. 1994).

Defendant has made several requests which fall outside the range of a bill of particulars.  First, Defendant demands the Government specify all overt acts committed in furtherance of the conspiratorial agreements, including dates, locations, and conversation participants.  Such a detailed request would force the Government to "disclose the manner in which it will prove the charges or preview its evidence or legal theory" against Defendant. United States v. Facciolo, 753 F. Supp. 449, 451 (S.D.N.Y. 1990), aff'd, 968 F.2d 242 (2d Cir. 1992).  Additionally, Defendant requests detailed facts supporting his involvement with the conspiracy.  As stated, there is no

requirement that the Government allege the particulars regarding Defendant's involvement with the conspiracy, including the "whens," "wheres," and "with whoms" of acts and participation in the charged conspiracy.  United States v. Lavin, 504 F. Supp. 1356, 1362 (N.D. Ill. 1981) (stating that particulars sought by Defendant were overly detailed and unnecessary).  As noted, the Indictment sufficiently sets forth a description of the acts underlying the charges against Defendant.

In determining whether to grant a bill of particulars, this Court may determine whether the information requested has been provided by other means, such as pretrial discovery, voluntary disclosure by the government, or the indictment itself.  United States v. Henry, 861 F. Supp. 1190, 1197 (S.D.N.Y. 1994).  Defendants are not also entitled to an unnecessary bill of particulars, where the underlying objectives of a Fed. R. Crim. P. 7 motion are fully satisfied by informal and formal discovery.  United States v. Duncan, 598 F.2d 839, 849 (4th Cir. 1979) (holding that the apprisal function of the indictment may be satisfied where the government's investigative file was opened for inspection).  The broad discovery already afforded Defendant makes it almost impossible to have any undue surprise at trial.  Government alleges it has provided extensive discovery to the Defendant, including numerous photographs of the drug house, the evidence collected from the house, the firearms and other indicia of drug distribution.  The Government states it has discussed its evidence with defense counsel and has provided access to the trial transcripts of Taylor's co-defendant, which contains the testimony of his co-conspirators and outlines the entire conspiracy.

The Indictment is sufficiently specific to apprise Defendant of the nature of the charge against him, and to permit Defendant to adequately prepare for trial.  Defendant's request to obtain a bill of particulars appears to be an attempt to compel prosecution to disclose all of its evidence

and perhaps its legal theory of the case to Defendant in advance of trial.  This is not required by Fed. R. Crim. P. 7(f).  Accordingly, Defendant's Motion for a Bill of Particulars is hereby DENIED.

An appropriate Order shall accompany this Opinion.

ENTERED this  21st  day of SEPTEMBER, 2005.


                                            /s/ James R. Spencer
                                            UNITED STATES DISTRICT JUDGE